UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-20785-CR-BLOOM

UNITED STATES OF AMERICA,

Plaintiff,
v.

ROBERTO ADAM GARCIA,

Defendant.
_____/

# ROBERTO GARCIA'S MOTION IN LIMINE
# TO EXCLUDE 404(B) EVIDENCE

Roberto Garcia moves *in limine* to exclude evidence of, and argument about, his prior convictions and removal from the Metro Mover on October 29, 2019. On January 10, 2019, the government filed a notice of intent to use Rule 404(b) evidence. ECF No. 18.

### I. Mr. Garcia's prior arrests should be excluded from the government's case-in-chief.

The government argues Mr. Garcia's prior convictions for trespass after warning, disorderly intoxication, and disorderly conduct are admissible to show his motive, intent, knowledge, and lack of mistake. [ECF No. 18 at 7-9.] The government's argument collapses under the weight of its own concessions and precedent.

### A. Mr. Garcia's prior alcohol-related convictions are not admissible to show motive or intent to assault a federal officer.[1]

An "other act" is relevant to motive only when the act "relates to the motive for the commission of the crime charged." *United States v. Farmer*, 923 F.2d 1557, 1567 (11th Cir. 1991) (quoting *United States v. Sampol*, 636 F.2d 621, 659 n. 24 (D.C. Cir. 1980)). The government's admissions undermine its own argument that Mr. Garcia's convictions for trespass after warning, disorderly intoxication, and disorderly conduct are admissible show motive for commission of the crime charged. Mr. Garcia's "motive and intent" for purportedly assaulting the officer was to "be left alone undisturbed" to sleep. [ECF No. 18 at 6.] The government does not even attempt to explain how these convictions relate to Mr. Garcia's motive to "be left alone undisturbed." Because they do not. None of the four convictions detailed in the government's motion relate to Mr. Garcia's motive to allegedly assault a federal officer.

The government's argument for admission as intent evidence is similarly flawed. To admit an "other act" to demonstrate intent, the government must show that the act "'required the same intent as the offense[ ] charged.'" *United States v. Watson*, 611 F. App'x 647, 654 (11th Cir. 2015) (quoting *United States v. Guerrero,* 650 F.2d 728, 734 (5th Cir. Unit A 1981)) (alterations in original). "[T]o understand whether two acts have the same intent, we must define the 'intent' at issue." *Id.* In Mr. Garcia's case, the intent is to "intentionally threat[en] or attempt to cause serious

---

[1] Although the government lists motive as a basis for seeking admission of Mr. Garcia's prior convictions, it fails to put forth any arguments about motive in its brief. [ECF No. 18 at 8 (argument section).] Even assuming the government did put forth an argument for admission on this basis, the prior convictions are not admissible for the reasons presented below.

2

bodily injury" to a federal officer. 11th Cir. Pattern Jury Instr. – Crim O1.1 (2019) (18 U.S.C. § 111(a)(1)). Consequently, Mr. Garcia's previous convictions must have required the intent to intentionally threaten or attempt to cause serious bodily injury to a federal officer to be admissible 404(b) evidence. *Watson*, 611 F. App'x at 655. They do not.

The acts of trespass after warning, disorderly intoxication, and disorderly conduct do not exhibit the same intent at issue here: the intent to assault a federal officer. Here too, the government does not even argue the types of intent are the same. As discussed above, the government concedes Mr. Garcia's intent was to sleep without being disturbed; this is inapposite with the types of intent at issue in Mr. Garcia's prior convictions.

**B. Mr. Garcia's prior convictions are not admissible as evidence of knowledge because they do not involve the same knowledge required to commit assault on a federal officer.**

The government asserts Mr. Garcia's four previous convictions are admissible as evidence that he "had knowledge [that] public intoxication is prohibited." [ECF No. 18 at 8.] Untrue.

To be admissible, the extrinsic offense must be of "such a nature that its commission involved the same knowledge required for the offense charged." *See, e.g.*, *Beechum*, 582 F.2d at 911 N.15. Courts in this Circuit have admitted evidence of prior convictions where, unlike here, there is a nexus between the knowledge in the prior offense and the type required in the instant offense. *See, e.g.*, *United States v. Corbin*, 734 F.2d 643 (11th Cir. 1984) (in prosecution for federal drug violations, upholding admission of testimony that defendant said he had brought several loads

of marijuana into country before); *United States v. Shores*, 966 F.2d 1383 (11th 1992) (upholding district court decision to admit defendant's statements that he knew how to rob bank, internal operation of banks, and how dye pack is put together in attempted bank robbery prosecution); *United States v. Rodriguez*, 713 F. App'x 815, 818 (11th Cir. 2017) (permitting admission of defendant's prior state conviction for felon-in-possession of a loaded firearm during trial for being a felon in possession of a firearm and ammunition). Here, the charged offense, and the knowledge required to commit it, is not the same as those the government seeks to admit. Mr. Garcia did not need knowledge that "public intoxication is prohibited," ECF No. 18 at 8, in order to commit an assault on a federal officer. Far from being the same, the offenses are completely different. Mr. Garcia is charged with assault. His previous cases involve property and public nuisance and intoxication offenses. As such, the knowledge involved in his prior offenses is not of the same nature as the knowledge required for the offense charged and thus the convictions cannot be admitted on this basis.

### C. Mr. Garcia's convictions are not admissible to show absence of mistake because Mr. Garcia has not made a mistake defense.

Contrary to the government's assertions, the prior convictions are not admissible to show Mr. Garcia "did not carry out the charged conduct against the security guard accidentally, mistakenly, or unknowingly." [ECF No. 18 at 8.] "Evidence showing absence of mistake is admissible to reveal that the defendant's defense of a mistake (such as mistakenly possessing a weapon) is untrue." *United States v. Watson*, 611 F. App'x 647, 656 (11th Cir. 2015) (citing *United States v. Jernigan*, 341 F.3d 1273, 1281 (11th Cir. 2003)). Here, Mr. Garcia has not asserted he made a mistake or acted unknowingly. Thus, this is not a proper basis for the

4

government to seek to admit evidence of Mr. Garcia's prior convictions in its case-in-chief. *Id.*

### D. Mr. Garcia's convictions inadmissible for another reason: they are not relevant to any issue other than to bad character or propensity.

Evidence is not admissible if it not relevant to an issue other than the defendant's character, and probative valued is substantially outweighed its undue prejudice.[2] *United States v. Holt*, 777 F.3d 1234, 1266 (11th Cir. 2015) (citing *United States v. McNair*, 605 F.3d 1152, 1203 (11th Cir. 2010).

The government admits it seeks admission of Mr. Garcia's convictions for the very purpose Rule 404 prohibits. It argues the evidence is admissible because

> "it would go to show the defendant had knowledge public intoxication is prohibited and that ***when asked to leave or confronted by authority, the defendant not only fails to comply, but instead becomes angrier and causes a further disturbance***."

[ECF No. 18 at 8 (emphases added).] By the government's own words, it wants to introduce this evidence as proof of Mr. Garcia's bad character, which makes him more likely to break the law, and therefore he must have broken the law in this case. *United States v. Beechum*, 582 F.2d 898, 914 (5th Cir. 1978) ("Even if the jury is no more disposed to punish the accused for his unpunished past crimes, 'over-persuasion' may lead them to conclude that, having committed a crime of the type charged, he is likely to repeat it."). The government invites this Court to permit the government to accomplish an end-run around the propensity bar. *See United States v. Gonzalez*, 833 F.2d 1464, 1467-68, 1468 n.2 (11th Cir. 1987) (holding district court erred and should

---

[2] The second prong of the test is that the act must be established by sufficient proof to permit a jury finding that the defendant committed the extrinsic act. It is undisputed that the second prong is satisfied because there is a record of Mr. Garcia's convictions. For that reason, Mr. Garcia focuses his argument on the other two prongs.

have excluded in credit card fraud trial business card of defendant memorializing conversation between defendant and son with handwritten notes: "I hate to work; think like a 60 year old man. Look like a young man. Beat the system" because it was "not relevant; its only use was for the purpose of painting [defendant] as a 'bad man'"). The Court should decline its invitation and exclude this evidence.

### E. Even if not precluded by Rule 404, this Court should exclude the prior convictions as confusing, misleading, cumulative, and unduly prejudicial.

Rule 403 decisions "[lie] within the sound discretion of the district judge and call for a 'common sense assessment of all the circumstances surrounding the extrinsic offense.'" *United States v. Jernigan*, 341 F.3d 1273, 1282 (11th Cir. 2003) (quoting *United States v. Calderon*, 127 F.3d 1314, 1332 (11th Cir. 1997)). The Eleventh Circuit has explained "'prior crime evidence has significant potential for prejudicial effect, and therefore should not be employed unless really necessary." *United States v. Jones*, 28 F.3d 1574, 1581 (11th Cir. 1994), *modified on other grounds*, 74 F.3d 275 (11th Cir. 1996). Evidence about the prior convictions would result in a mini-trial over the circumstances surrounding those four separate convictions, leading to juror confusion. Moreover, the temporal attenuation of six years between the earliest conviction and this case in addition to the factual dissimilarities between the offenses also weigh in favor of exclusion under Rule 403.

If this Court does not exclude this evidence under Rule 403, Mr. Garcia respectfully requests the Court permit the parties to propose (1) a joint stipulation that would obviate the need for witness testimony on these issues, and (2) a limiting instruction to be given as the time that the stipulation is read.

**II.   Mr. Garcia's removal from the Metro Mover is not admissible, because it is waste of time, confusing, cumulative, and unduly prejudicial.**

Contrary to the government's assertion, the circumstances surrounding Mr. Garcia's removal from the Metro Mover are necessary for the jury's understanding of the alleged crime. By the government's own account, the relevant time period is from when Mr. Garcia was found sleeping near the courthouse through when "[t]he crime charged [] was complete. . . ." [ECF No. 17 at 5 (Gov't mot. *in limine*).] The removal from the Metro Mover does not touch on any of the elements of the charged crime and any interaction with a different security guard, in a different location, would cause a mini-trial on the circumstances of Mr. Garcia's removal. This would both be a waste of judicial resources and confusing for the jury. Second, the government asserts there is no prejudice to Mr. Garcia because other evidence "will reveal him to be homeless and intoxicated. . . ." [ECF No. 18 at 6.] Assuming the truth of these factual assertions,[3] the evidence is thus cumulative and unduly prejudicial. Finally, the arguably minimal probative value of admitting evidence of Mr. Garcia's removal from the Metro Mover is outweighed by the undue prejudice to Mr. Garcia. For those reasons, evidence of Mr. Garcia's removal from the Metro Mover should be excluded.

If this Court does not exclude this evidence under Rule 403, Mr. Garcia respectfully requests the Court permit the parties to propose (1) a joint stipulation that would obviate the need for witness testimony on these issues, and (2) a limiting instruction to be given as the time that the stipulation is read

---

[3] Contrary to the government's assertion, Mr. Garcia is not homeless. [*See, e.g.*, ECF No. 4 (bond paperwork).]

## CONCLUSION

For the foregoing reasons, Mr. Garcia respectfully moves to exclude evidence of, and argument about, his prior convictions and removal from the Metro Mover from this trial.

                    Respectfully submitted,

                    MICHAEL CARUSO
                    FEDERAL PUBLIC DEFENDER

By: */s/ Kirsten R. Nelson*
     Kirsten R. Nelson
     Assistant Federal Public Defender
     Florida Special A No.: A5502543
     150 W. Flagler Street, Suite 1700
     Miami, Florida 33130-1556
     Tel: (305) 530-7000
     E-mail: kirsten_nelson@fd.org

## CERTIFICATE OF SERVICE

I HEREBY certify that on **January 13, 2020**, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: *s/ Kirsten R. Nelson*

Kirsten R. Nelson